UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC MARTIN,                      )
                                  )
        Petitioner,               )      Case No. 2:05-cv-155
                                  )
v.                                )      HON. RICHARD ALAN ENSLEN
                                  )
MARGARET CHIARA,                  )
                                  )      **ORDER DENYING MOTION**
        Respondent.               )      **FOR RECONSIDERATION**
_____ )

       Petitioner, a prisoner incarcerated at the Baraga Maximum Correctional Facility (AMF), filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. This Court dismissed Petitioner's action on August 11, 2005. Petitioner has filed a notice of appeal. However, he has also filed "objections," which the Court construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court finds that the motion is timely. *See* FED. R. CIV. P. 59(e). Further, the Court must address the motion despite the notice of appeal. *See* FED. R. APP. P. 4. After careful consideration, the Court will deny the motion.

       In Petitioner's underlying action, he claimed that he had been the victim of several federal crimes while incarcerated in AMF. Petitioner wrote Respondent several letters requesting that she present evidence of the alleged crimes to a federal grand jury and sought an order compelling Respondent to present said evidence to a grand jury. The federal mandamus statute provides for jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361.

However, as noted in the underlying opinion, there is no federally enforceable right for the victim of a crime to have criminal charges investigated. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841-42 (N.D. Ohio 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Md. 1999); *See also DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."). Nor is there a federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 63 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Therefore, because Respondent does not owe a duty to Petitioner, he is not entitled to relief under 28 U.S.C. § 1361.

Accordingly, the Court will deny Petitioner's motion as being without merit. Therefore:

**IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment (Dkt. No. 4) is **DENIED**.

DATED in Kalamazoo, MI:     /s/ Richard Alan Enslen
October 12, 2005            RICHARD ALAN ENSLEN
                            SENIOR UNITED STATES DISTRICT JUDGE